May it please the Court, Alice Sinclair, Assistant Federal Defender, on behalf of Mr. Bridgewater. The question before you is a relatively narrow one, whether the district court erred in prematurely dismissing this case as untimely when it had before it numerous representations that Mr. Bridgewater is borderline mentally retarded and also brain damaged, and where Mr. Bridgewater was clearly trying to assert equitable tolling. I'd like to start by discussing application to this case of Laws v. Lamarck, which was decided after the briefing was concluded in this case. What case? Laws v. Lamarck. Oh yeah, that's the one you gave us on the little uh... And in fact, that was in an abundance of caution. I did file a 28J letter soon after Laws had been issued. I couldn't check Pacer from my hotel room to confirm that I had done that, so I wrote it down, but counsel assures me I did. In any case, Laws is relevant for three points. The first is that it discusses the specific standard that applies in a case where mental disability is asserted as a basis for equitable tolling. It relies on Judge Tecima's opinion in Kelly, applies it to the non-capital context, and says at page 923, I quote, where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond his control and the deadline should be equitably tolled. Counsel, the only question I have in my mind regarding the application of Laws is whether or not mental retardation, which is referenced by your client, and mental competence, incompetence are one and the same. I don't think that they need to be one and the same. Actually, I'm not sure whether they are. I find the phrase mental incompetence actually a little bit puzzling in the equitable tolling context, because the normal legal definitions we use for competence have to do with competency to be tried. So I do think it's fair to read the equitable tolling cases that use the phrase competence to refer to mental capacity to file the federal petition. In general nomenclature, they have different meanings. Mental retardation has a different meaning than mental incompetence. Well, I am not saying that a retarded petitioner per se can claim an inability to file their petition. Whether the issue is mental retardation, organic brain damage, some kind of psychotic illness, or an other mental disease defect or status that affects capacity, the question is the same. Whether that mental status, whatever it is, in fact prevents timely filing. That's my question. I don't know if law goes that far when it talks about mental incompetence. Well, I think that if you read all of the courts, not just the incompetence cases, but all the equitable tolling cases, give the same standard. If it's a circumstance beyond one's control, and if mental illness is a circumstance beyond one's control, then certainly one's IQ is also beyond control. If it's a fact beyond one's control, and it prevents timely filing, there's equitable tolling. I think actually the larger problem for Mr. Bridgewater has to do with the sufficiency of his allegations in the district court. And on this question, laws is also informative. The laws court specifically rejected the same type of argument Apolli makes here, that because the petitioner didn't meet his burden of establishing that the mental impairment during a specific time made filing impossible, that he couldn't get a remand for factual development. And the ---- What is the petitioner's claim here? Is it retardation resulting from organic brain damage, or what is it, as far as you understand it now? Well, as far as I understand it now, the source of the retardation is unknown  and he may have further perhaps alcohol-related, perhaps not, that's also unclear to me, damage on top of that, that has resulted in his entire adult life having impairment such that ---- And again, I'm making this in the form of a proffer. This was not before the district court. But I know from the trial evidence that he would have qualified for county special services for the developmentally disabled, based on his IQ, that the opinion of the expert at trial was that he would be incapable of living on his own because he could not manage things that include advanced planning, such as paying the monthly rent. And if those are the particular abilities that are impaired, I think there's a reasonable case that he could also establish with the assistance of counsel to guide him below that those same impairments would prevent him from being able to timely file a habeas petition. It's all about meeting deadlines. It's in the low 70s. Dr. Edwards thought it was 74, 75. So it's not that 70 threshold for a firm retardation diagnosis. But there's various factors involved in the assessment. And on some measures, he was solidly in the retarded range. All right. But again, laws says that the petitioner is not required to carry a burden of persuasion at this stage of the proceedings. And in laws, the stage of proceedings was same as here, appeal after dismissal without factual development below. The Court said that, quote, Our cases require only that there be circumstances consistent with the petition under which he would be entitled to equitable tolling. That is citing Whalum Hunt, which I've also cited. It's exactly my interpretation of Whalum Hunt, so I think it supports our position on the meaning of that case. And finally, laws is similar to the case at Barr in that the conviction was pre-AEDPA and there was admittedly a gap of several years that we will need to get told. So Mr. Bridgewater has a hard oar he's going to have to row, as did Mr. Laws, and it did not prevent a remand. There is nothing in the fact that ultimately State and Federal petitions were filed that in laws precluded a remand for a finding of whether there was incapacity. So all you're asking for at this stage, I gather, is a remand for an evidentiary hearing to explore these issues about the fact that we don't have a remand. That's exactly correct, Your Honor. And I'd also ask for a specific direction to the district court to appoint counsel. Mr. Bridgewater is unable to understand what facts he needs to allege, develop and present to the Court. And there were five requests for appointment of counsel to judges who normally understand when it's appropriate. They were all denied. It's clear from the little bit of investigation I've tried to undertake to see how much there is there that he can't do this on his own and it will require the expenditure of resources that I have not been able to undertake as appellate counsel but that I could do in district court. All right. I'll reserve the rest of my time for rebuttal. Fine. Thank you. Good morning. May it please the Court. Harry Joseph Colombo, Deputy Attorney General, appearing for the Respondent appellee in this case. Counsel, I think, has accurately framed the issue before this Court. The problem that I have with the way the issue is framed, however, is it presupposes that counsel would be able at some point, if this Court were to determine that the district court peremptorily denied the petitioner an opportunity to present some evidence justifying his claim for equitable tolling in this clearly otherwise time-barred habeas case to present some evidence that would justify the contention that the petitioner, in fact, suffered from some mental incompetency during the period of time that's at issue in a statute of limitations case such as this. And we're talking about between April 23, 1996, and April 24, 1997, because that's the operative time period after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, within which the petitioner had to file a petition either in the state court to statutorily toll the statute of limitations or to file a petition in the federal court, neither of which he did. Now, what I find interesting in this particular case is the suggestion that somehow Mr. Bridgewater has had this long-standing mental impairment which would have precluded his understanding of the requirement that the AEDPA imposed upon him to initiate a collateral attack on his conviction, either in state or federal court, between April 26, excuse me, April 23, 1996, and April 24, 1997. However, what's interesting, and as I note in my brief, Mr. Bridgewater, after his judgment became final in 1993, didn't do anything by way of pursuing collateral relief until suddenly in June of 1997, he filed a habeas petition in the California Supreme Court, which was denied about four months later in October of 1997. So the question this court has to ask itself, and which I framed in my brief in this case, is what happened that caused Mr. Bridgewater some two-and-a-half months or so roughly after the expiration of the statute of limitations to cause him to file a petition in the California Supreme Court? Did he suddenly have cognition at that point that he needed to do something to optimally protect whatever right he had to collateral review of his judgment at that point in time? Was there something that happened that triggered his desire to file a habeas petition then that was opposing counsel's point that there needs to be an evidentiary hearing to flesh out exactly what his capability was and whether or not there should be equitable tolling? Perhaps it took him that long to sort through everything, and that's what she's saying, that, you know, advanced planning and organization might have been affected. His ability to plan and to organize and to prepare his documents might have been affected by the mental retardation and there needs to be an evidentiary hearing to flesh that out. Well, that's the problem that I have with their argument in this case, and that is basically we can sort of call from different periods in time when his level of competency, if we want to use that terminology, either existed or didn't exist. My interpretation of the factual record in this case is that we have nothing that tells us that Mr. Bridgewater's mental competency was any different in 1993 than it was in 1996 than it was in 1997, or that it is right this very minute as we stand here before this court. But if we have a verified petition from him that his mental retardation caused him not to be able to file the petition, why isn't that enough to trigger under laws the evidentiary hearing obligation? Because I would submit we don't have any such document in this case. If his petition for habeas corpus wasn't verified, wasn't signed by him? His habeas corpus petition is verified. In fact, it's included, I think, in tab two of the excerpts of record, and I think if the court notes in that particular petition, Mr. Bridgewater has no difficulty whatsoever in responding to a series of fairly complex technical questions that ask him such things as, what was the judgment that was imposed on him? What was the judgment that was imposed in the state court? What did you pursue by way of appellate relief in the state courts? What other petitions have you filed? What grounds did you raise? What was the disposition of those actions? All of those things he's able to answer, quite apparently from the record, without any difficulty, and yet somehow... In all practicality, we don't know if he answered those or if someone, you know, an assistant in the jail helped him with those. I don't think that in and of himself, someone may have done that for him, and then he signed it, verifying that it was correct. Well, let me say this. If we're going to go to what has the petitioner said about his construction and his completion of these forms, in petitioner's opposition to my motion to dismiss in the district court, the petitioner represented that he could not get any assistance from any of the other inmates in prison because of his supposed mental condition. In fact, he describes himself in the pejorative as a retard who is unfavored by the other prison inmates in the system, and therefore was ostracized because of his mental condition, and therefore was not getting assistance. So I think the only reasonable interpretation we can make from this record is that petitioner did complete these forms himself. He did so unassisted, and he certainly must have understood at least at some basic level the requirements to fill out the forms to get a petition filed in the district court. What we have an issue with here is whether or not the petitioner had sufficient competency to understand that he had a requirement to have filed this petition earlier in time than he did. But when was the petition filed? The petition was filed in 2002. I believe it's stamped, filed in April of 2002. The question we have then is whether six years later there was a change sufficient to warrant an evidence. I mean, you see what I'm saying? Because that doesn't necessarily mean that he had the same level. Well, I think the question this Court has to ask is what evidence do we have that's before this record, and what evidence might be presented to the district court that suggests that this petitioner could not have filed this exact same petition between April 23rd, 1996, and April 24th, 1997, when he was able to file a petition in the California District Court? It's kind of incongruous to speak at this stage about, well, what petition do we have when no one's had the opportunity to deduce any evidence, right? That's not true, actually. You know, I mean, this was dismissed very early on the pleadings under the, what, PLRA, right, as a frivolous petition. And, you know, there's no inquiry made into the, you know, into this issue of tolling at all. Well, I would respectfully disagree with the Court's suggestion that there was no inquiry. I filed a motion in which I attached the various pleadings the petitioner had filed in the state courts and the state court record. I essentially put the district court on notice that this issue of equitable tolling may present itself. The petitioner responded. I replied. The magistrate issued findings and recommendations. The district court considered the objections the petitioner submitted to those findings and recommendations, in which he alluded to the issue of his mental competence. So to suggest that the district court had no evidence before it because there was no opportunity for a petitioner to present such evidence I think is a mischaracterization, frankly, of the record in the district court. District court was aware of this issue. The petitioner had been afforded an opportunity to present some evidence on this question. He didn't do so. And my argument to this court is that we don't know, even from the information that Petitioner's Counsel has provided to this court on appeal, that there's anything to suggest that the petitioner's mental condition ever changed from 1993 when this trial was concluded in the state court until this very moment that would suggest he was incompetent to prepare and file this particular petition in a timely manner. That's what we're talking about. Counsel, the report of recommendation didn't really go into the retardation issue specifically. That's true. The magistrate judge did not make that specific finding. And let me say this about that. What Appellant's Counsel seems to be suggesting is that the magistrate judge should have parsed Petitioner's fairly obtuse pleadings in response to my motion to dismiss and divined that Petitioner was suggesting to the magistrate judge that he might have a basis for promoting an argument of equitable tolling predicated on mental incompetence, when in fact no such information was imparted to the magistrate judge to draw that particular inference from these pleadings, and therefore to hold a hearing on that question. Counsel, Pro Se pleadings are to be construed liberally, and he did mention the fact in several places that he was mentally retarded. Well, he called himself a retard, and he also asserted that he suffered from organic brain damage. Now, my take on that is if we're going to essentially assume the truth or veracity of Petitioner's pleadings, we have to assume the truth or veracity of a pro se Petitioner's claim of organic brain damage or mental incompetency or mental retardation. Without some professional presentation by an expert who would know something about that question, we open up the courtrooms of the district courts to these kind of hearings forever. I mean, what is it going to take for Petitioner's ---- Complaint does the same thing. I mean, complaints do just that. They set forth, you know, facts that are at that point are not elucidated one way or the other. So what's the difference between this allegation and a petition and allegations we have in complaints all the time? Because under the Anti-Terrorism and Ineffective Death Penalty Act, in order for a petitioner to obtain equitable tolling, it is his own evidence, and it has to be something more than a bare assertion. He has to prove by some evidence a justification for having failed to file the petition on time. Verified petition, not enough? If he signs the petition under penalty of perjury, is that not enough? Well, the filing of the petition is not the issue. The question is why was the ---- In terms of meeting the burden of pleading or of proffer, is that not enough? Is the verified petition not enough in your view? No, I think the verified petition would be enough. However ---- He stands in a verified petition, I'm mentally retarded, and he signs that under penalty of perjury. Is that enough to meet the initial burden of putting an issue before the court? I would submit that it's not, because upon what basis is such an assertion being made? I mean, I could stand here and assert to this point, you'd be willing to say that under penalty of perjury? Sure, and if you want to promote counsel to present evidence to the contrary, I'd welcome their doing so, but that's the whole problem with this argument, is it puts the cart before the proverbial ox. What does law say about that? I thought law said if there is a verified pleading, that's sufficient to meet the initial burden of going forward. Yes, and I think what's important to look at in laws is there was an evidentiary or factual basis to support that verification. In laws, there had been a hearing in the state trial court in which three psychiatrists and two psychologists submitted reports on the question of the defendant's competency. The state trial judge determined that the defendant was competent, as I recall the opinion quoted, at that time to stand trial on the state charges. That didn't put into question the issue of the petitioner's competence to pursue a habeas petition after the enactment of the AEDPA for purposes of timely presenting the case to the district court. And so what this court held in laws essentially was, look, if the district court has information before it by way of a verified pleading that suggests competence is at issue and is a factual basis, then the court is essentially required to develop that record. What do you make of this language, then, where we said we must construe pro se habeas filings liberally and may treat the allegations of a verified complaint or petition as an affidavit? The verified state petition attached to laws as traversed is therefore indistinguishable from the declaration appended to a petitioner's opposition to a motion to dismiss. Sufficient to warrant further factual development. What do you make of that language? Well, I think, again, it has to be read in context of what the record was that was before the district court in the law's case. The district court didn't say we didn't say because there was additional evidence before the court. We talked primarily about the pro se filings and liberal construction and the fact that if it's verified it's the same as a declaration which warrants at a point a factual development. Yes, and I don't have any qualms about or quibble with that particular language. I think the problem we have is in applying that language to this particular case where there's nothing in the record that's ever been submitted that would suggest this petitioner was not competent at any time to pursue habeas relief. And, in fact, the argument that I make in my brief is that his ability to file state and federal petitions in 2000 and thereafter through assistance by another inmate cannot substitute for development of the factual record concerning his mental state prior to that period. It looks like this case is really directing us that there needs to be a factual development before we can make the determination before a court can make the determination on the equitable tolling. That language really seems to direct us toward finding that there needs to be further development of the record. And I understand that you have a problem with that, but it appears that that's what we're requiring in this case. Well, I'm sure the court will determine however it feels is appropriate how laws applies to this case. I see the law's decision deriving from the factual circumstances that were present in that particular case in which the competency issue was clearly presented in the state court. The district court would have been unnoticed that this was something it needed to be aware of. It was presented to it in the form of the opposition to the motion to dismiss. The district court summarily dismissed the petition finding that the evidentiary record was inadequate and pursued its dismissal order on that basis. Without having considered that there might be some further evidence that could be presented on that issue. What I'm suggesting to this court at this time in regard to this particular case is that the record has never, ever even suggested the possibility that this petitioner was not caught. I understand your argument. Okay, Mr. Conville. Thank you. You can see you've gone well over your time, right? Thank you. We'll hear rebuttal now. Your Honors, the magistrate judge did have before him not just a verified petition, but also copies of the state court pleadings in which Mr. Bridgewater swore that his retardation was the cause for the delay which he attached in his opposition. They also had references both in the California Court of Appeals decision and in petitioner's petition for review on direct review, which cited the findings of the psychologist regarding his brain damage and his borderline mental retardation. I submit that the fact that that record of prior findings regarding mental limitations is the functional equivalent of the evidence in laws that opposing counsel has argued distinguish it. Even if Mr. Bridgewater, and I concede Bridgewater did not do as good a job of Mr. that Mr. Laws did of realizing here is the equitable tolling standard, the broad concept, and what I need to allege very specifically is that my mental retardation on these particular dates precluded me from doing these particular jobs to prepare and file my petition. Mr. Laws was incompetent due to some sort of unspecified mental illness. Well, Mr. Bridgewater is retarded. Mr. Colombo wants to require of a retarded inmate a level of sophisticated lawyering that is even more unrealistic than for the average inmate, and I think that given his limitations, what was presented was more than enough to require the magistrate judge to hold factual development proceedings. In the first instance, Mr. Bridgewater made his most explicit statement that he wanted equitable tolling on the basis of mental retardation, which counts as a medical condition, and had he not even mentioned it before the magistrate judge, which he did, those assertions in his objections, which are before you, by the way, in tab 8, pages 3 to 6, imposed on the district court an obligation to exercise its discretion whether or not to consider that material if it was presented in the first instance. Now, if that were the case, then the district court, by summarily affirming without even referencing the equitable tolling issue, didn't do its job, and under this court's case in, I believe it's Brown v. Rowe, the fact that the district judge didn't even mention the material presented on objections and exercise its discretion whether to consider it would require remand. So whether you want to look at the magistrate's judge failure to acknowledge and decide the issue, or the district judge's failure to acknowledge and decide the issue, a remand is required with appointment of counsel. Thank you. All right. Thank you, Ms. Claire. Thank you, Mr. Colombo, again. This case is submitted for decision.
judges: Thompson, Tashima, Rawlinson